**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 09-00239

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

JOSE LUIS ARICIAGA-BANDA                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are (1) the Standard Procedural Order regarding retroactive application of Amendment 782 (Record Document 54), (2) Defendant Jose Luis Ariciaga-Banda's ("Defendant") Motion under 28 U.S.C. § 2255 (Record Document 57), and (3) Defendant's Request for Disposition of Stayed Motion (Record Document 67).

**I.     Defendant's Request for Disposition of Stayed Motion (Record Document 67)**

Defendant filed a Request for Disposition of his previously stayed § 2255 motion, noting that his motion had been stayed pending developments in the law following Johnson v. United States, 576 U.S. 591 (2015). See Record Document 67. At the time Defendant filed his § 2255 motion, courts were staying such motions pending the Supreme Court's decision in Beckles v. United States, 580 U.S. 256 (2017). In Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges under the Fifth Amendment Due Process Clause. See id. Accordingly, the basis for the stay in this matter no longer exists.

Therefore, the Court **LIFTS THE STAY** and proceeds to rule on Defendant's § 2255 motion. Accordingly, Record Document 67 is **TERMINATED**.

**II.    Defendant's § 2255 Motion (Record Document 57)**

Defendant seeks relief under <u>Johnson</u>, arguing that his sentence was enhanced based on an unconstitutionally vague residual clause. <u>See</u> 576 U.S. 591. However, the record reflects that Defendant's sentence was not based on any residual clause or "crime of violence" provision implicated by <u>Johnson</u>. Rather, Defendant's base offense level was determined pursuant to U.S.S.G. § 2K2.1(a)(6), which applies to prohibited persons, including individuals unlawfully present in the United States, in possession of a firearm. That Guideline provision contains no residual clause and is unaffected by <u>Johnson</u>. Thus, <u>Johnson</u> provides no basis for relief in this case.

Accordingly, Defendant has failed to demonstrate that his sentence was imposed in violation of the Constitution or laws of the United States, and his motion under 28 U.S.C. § 2255 is **DENIED**.

**III.    Standard Procedural Order regarding retroactive application of Amendment 782 (Record Document 54)**

The Standard Procedural Order (Record Document 54) addresses the retroactive application of Amendment 782 to the Sentencing Guidelines, which pertains to certain drug offenses. Defendant's conviction and sentence do not implicate the drug quantity guidelines addressed by Amendment 782. Therefore, no relief is available to Defendant under that framework. Accordingly, Record Document 54 is **DENIED**.

**CONCLUSION**

Based on the reasons explained above, the stay on Record Document 57 is **LIFTED**; Defendant's Request for Disposition of Stayed Motion (Record Document 67) is **TERMINATED**; Defendant's Motion under 28 U.S.C. § 2255 (Record Document 57) is

**DENIED**; and the Standard Procedural Order regarding retroactive application of Amendment 782 (Record Document 54) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of April, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT